UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Case No:

MAITE MARTINEZ,

    Plaintiff,

v.

CHERRY BEKAERT, LLP,
a Foreign for profit corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, MAITE MARTINEZ by and through undersigned counsel, sues Defendant,

CHERRY BEKAERT, LLP, a Foreign for profit corporation, and states:

## INTRODUCTION

CHERRY BEKAERT, LLP, ("Cherry Bekaert" or "Defendant") is an accounting firm

that provides accounting, advising and litigation support services for clients throughout the

United States, including Miami, Florida.  Plaintiff, MAITE MARTINEZ ("Martinez") was

hired in July of 2015 as a staff member in litigation support and worked for Defendant at

Defendant's location in Coral Gables, Florida in Miami-Dade County.

Martinez, who is a Certified Public Accountant, was promoted several times, given

raises and was eventually promoted to the position litigation support manager in the Coral

Gables office.  As a litigation support manager, Martinez worked with other Cherry Bekaert

employees and was responsible for providing reports, calculations, and analysis in the firm's family law support practice.

An important function of Martinez's work entailed the review and critique of opposing counsel's discovery and their experts. After reviewing the documents and reports, Martinez would often provide testimony at hearings and trial regarding her opinion on financial issues and the division of matrimonial assets. While performing her duties, Martinez was harassed and threatened by several individuals who were not Cherry Bekaert employees, but were employed as experts hired by opposing counsel.

Martinez notified her supervisors several times of the harassment and of the threats. However, very little or nothing was done to address either, and the harassment and the threats escalated.

Due to the increase severity of the harassment and the threats, and that her complaints were being ignored, Martinez informed the Cherry Bekaert litigation department managing partner of her concerns. However, Martinez was just told to ignore the person(s) and nothing further was done.

After the harassment and threats, continued, Martinez suffered two stress-related seizures.  After the seizures, Martinez noticed that the number of cases she was assigned decreased and she was frequently told that her presence in court, at mediations and depositions was now "not required."

Because Martinez was harassed and threatened at work and because Cherry Bekaert did not address either, and that her complaints regarding the same were negatively affecting

her job, Martinez decided she had no other option than to resign her position with Cherry Bekaert; Martinez was constructively discharged on or about December 28, 2017.

## NATURE OF THE ACTION

1.    This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Florida Civil Rights Act, Fla. Stat., § 760.01, *et seq*. ("FCRA")(2017), to correct unlawful and discriminatory employment practices on the basis of gender and retaliation, and to provide appropriate relief to Martinez.  Martinez seeks back pay, compensatory damages, punitive damages, reinstatement or front pay, liquidated damages, injunctive and declaratory relief and attorneys' fees and costs.

## JURISDICTION, VENUE AND PARTIES

2.    This Court has federal-question jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.  Because the State claims arise out of the same nucleus of operative facts as do the federal claims, this Court has supplemental jurisdiction over the State claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendant transacts business in this District; because all wages were earned and due to be paid in this District; because Defendant's operations are situated in this District; and because most, if not all, of the operational decisions were made in this District.

4.    At all times material hereto, Martinez was over the age of 18 and a resident of Florida.

5.      Cherry Bekaert is a foreign for profit corporation which was at all times an accounting firm that provides accounting, advising and litigation support services for clients throughout the United States which includes Miami-Dade County, Florida.

6.      Cherry Bekaert has been continuously doing business in Florida and has continuously had at least fifteen (15) employees.

7.      At all times relevant hereto, Defendant was and is an "employer" as defined by Title VII, and the FCRA.

**<u>Satisfaction Of Conditions Precedent</u>**

8.      On March 9, 2018, Plaintiff timely filed her Intake Questionnaire with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and retaliation by Cherry Bekaert.   On the Intake Questionnaire, Martinez checked "Box 2" stating that "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above."

9.      After a several week delay by the EEOC in providing the form, Martinez filed her Form 5 on March 23, 2018 with the EEOC, which was dual-filed with the Florida Commission on Human Relations ("FCHR").  Martinez's Form 5 alleged sex discrimination and retaliation by Cherry Bekaert.

10.     On September 26, 2018, the EEOC issued a Right to Sue ("RTS") letter for Plaintiff and copied Cherry Bekaert LLC.  *See* attached as **Exhibit "A."**

11.     All conditions precedent to the bringing of this action have been satisfied or waived.

## The Applicable Statutes

12.    Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part at

42 U.S.C. § 2000e-2(a) as follows:

> It shall be an unlawful employment practice for an employer —
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's sex ...; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's sex....

42 U.S.C. § 2000e(k).

13.    "It shall be an unlawful employment practice for an employer to discriminate

against any of his employees . . . because he has opposed any practice made an unlawful

employment practice by this subchapter . . . ."  42 U.S.C. § 2000e-3.

14.    The FCRA provides at § 760.10(1), as follows:

> It is an unlawful employment practice for an employer:
>
> (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's ... sex....
>
> (b) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's …sex....

§760.10 Fla. Stat.

5

15.     "It is an unlawful employment practice for an employer . . . to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section. . . ." § 760.10 Fla. Stat.

### General Allegations

16.     Martinez is female and a member of a protected class.

17.     Martinez was qualified for her position at Cherry Bekaert.

18.     Martinez was performing her job adequately and was meeting or exceeding the expectations of Cherry Bekaert.

19.     Martinez worked as a litigation support manager for Cherry Bekaert LLP and was paid a salary.

20.     Advancement at Cherry Bekaert in the family law litigation department was dependent on an employee's performance and their ability to contribute to the case(s) being litigated.  This included working on high exposure/profile cases, assisting with discovery and discovery objections, attending mediation, attending hearings and trials, and sometimes testifying as an expert.

21.     Martinez's responsibilities included:

    a)  Providing expert testimony regarding contested financial issues at hearings in court;

    b)  Prepare and update Mandatory Disclosure documents for clients;

    c)  Prepare accurate Financial Affidavits for clients;

    d)  Prepare schedules regarding assets and loss of assets and asset tracing;

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

e)  Prepare schedule of alimony and child support calculations;

f)  Prepare historical income analysis;

g)  Prepare trial, hearing and expert reports for use in court; and

h)  Review and analysis of reports generated by opposing counsel experts.

22.     At all times relevant, Phil Shechter ("Shechter") was a partner at Cherry Bekaert, LLP, and was a direct supervisor of Martinez.

23.     While working on a family law related case, as the litigation support manager assigned to the case, Martinez was harassed and threatened by the opposing accounting firm's representatives.

24.     Several emails sent to Martinez from the opposing accounting firm used the term "fuck" and Martinez was called a "cunt" in the vestibule after a highly contested court hearing in which Martinez was called upon to testify.

25.     Shechter was copied on the emails to Martinez, and was aware of the harassment and threats being made by the opposing accounting firm's representatives ("Representative(s)").

26.     Martinez was offended by the use of the language and was concerned for her safety and notified Shechter that the emails that were sent were inappropriate because they offended her and that she feared for her safety.

27.     Martinez told Shechter that the harassment from the opposing accounting firm's Representatives needed to be addressed immediately.

28.     Even after Martinez brought her concerns to Shechter, Shechter did very little or nothing to intervene.

29.     Martinez later learned from a co-worker that one of the opposing accounting firm's Representatives had sent Shechter a text which said that if Martinez did not back off, the Representative would "cut [Martinez] open and tear out her liver."

30.     Again, Martinez voiced her concerns to Shechter regarding the text that she had been told was sent to him which was harassing and contained threating language.

31.     Martinez asked Shechter to show her the text, but he refused. Martinez then asked Shechter if it was true that the Representative had sent a text threatening to "cut [her] open and tear out her liver?"

32.     Shechter confirmed that the Representative had sent him a text to that effect.

33.     Martinez told Shechter that the text offended her and that she feared for her safety, and asked him what he was going to do about it.

34.     Shechter responded by shrugging his shoulders and walking away.

35.     Having no other choice but to speak to the issue herself, Martinez emailed the Representative to address the threating text which was sent to Shechter.

36.     Martinez copied both Shechter and Michael Everett.   The Representative responded to the Martinez's email by asking, in part, "PHIL, DON'T YOU HAVE THE BALLS TO STOP THIS WOMAN . . . ?" (Caps in original).

37.     Because Shechter did not intervene regarding the Representative's response to Martinez's September 8, 2016 email, Martinez brought the issue to the attention of Scott Moss, the Litigation department Managing Partner, on September 12, 2016.

38.     Martinez informed Mr. Moss that she was being harassed and threatened by the Representative because she is a woman.

39.     Moss' response to Martinez's complaint regarding the harassment and threats was to "ignore [the Representative]."

40.     Even though Martinez complained several times, the harassment and threats were not addressed by Martinez's supervisors or Cherry Bekaert.

41.     Martinez noticed that the number of hours she was able to bill decreased and she was frequently told that her presence in court, at mediations and depositions was now not required.

42.     Because Cherry Bekaert did not address the issues of harassment and the threats that were made, and that Martinez's complaints regarding the same were negatively affecting her job, Martinez decided she had no other option than to resign her position with Cherry Bekaert; Martinez was constructively discharged on or about December 28, 2017.

### Count I - Sex Discrimination (Title VII)

43.     Plaintiff re-alleges paragraphs 1 through 42 of the Complaint as set forth above.

44.     At all times mentioned in this cause of action, all provisions of Title VII of the Civil Rights Act of 1964, as amended were in full force and effect and were binding on Defendant.

45.     The opposing experts targeted Martinez because of her gender.

46.     The treatment of Martinez was both subjectively and objectively offensive.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

47.     Martinez complained to her direct supervisor regarding the fact that opposing experts were targeting her and advised of the sexual harassment and threats.

48.     As part of her continued employment at Cherry Bekaert, Martinez was told to ignore the harassment and threats.

49.     The harassment and threats made by the opposing experts interfered with Martinez's work performance and created an intimidating, hostile, and offensive work environment of which Cherry Bekaert was aware.

50.     Even though the harassers were not employees, Cherry Bekaert had a duty to take immediate and appropriate corrective action, which they did not.

51.     As a direct, natural and proximate result of the harassment and Defendant's inaction, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

52.     Defendant's treatment of Plaintiff has also caused her irreparable harm through the violation of her federal statutory rights against sex discrimination, for which there is no adequate remedy at law.

53.     Defendant's conduct towards Plaintiff was willful, wanton and in flagrant disregard of her federally protected rights against sex discrimination, so as to justify punitive damages.

54.     Because of her gender, Martinez was treated differently and was constructively discharged on or about December 28, 2017.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

55.     Defendant committed the acts alleged herein despicably, maliciously, fraudulently and/or oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in willful and conscious disregard of Plaintiff's rights.  Plaintiff thus is entitled to recover punitive damages pursuant to 42 U.S.C. § 1981a(a)(1).

56.     Plaintiff is entitled, pursuant to § 2000e-5(k), to recover a reasonable attorney's fee, litigation expenses and costs.

**WHEREFORE**, Martinez demands the entry of judgment in her favor and against Defendant as follows:

a)     Awarding Martinez back pay and benefits to which she would have been entitled but for Defendant's discriminatory acts;

b)     Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it from violating Title VII's prohibition against discrimination as to Martinez, and directing Defendant to reinstate Martinez with full seniority and benefits or provide front pay in lieu of reinstatement, or otherwise make Martinez whole;

c)     Awarding Martinez compensatory damages;

d)     Awarding Martinez punitive damages;

e)     Awarding Martinez liquidated damages or pre-judgment interest;

f)     Awarding Martinez her costs and reasonable attorney's fees pursuant to § 2000e-5(k); and

g)     Awarding such other and further relief as this Court may deem just and proper.

## Count II – Sex Discrimination (FCRA)

57.     Plaintiff re-alleges paragraphs 1 through 42 of the Complaint as set forth above.

58.     At all times mentioned in this cause of action, all provisions of the Florida Civil Rights Act of 1992 were in full force and effect and were binding on Defendants.

59.     At all times mentioned in this cause of action, Plaintiff was an employee of Defendant, and Defendant was an "Employer" as defined by Florida Statute 760.02 (7).

60.     The opposing experts targeted Martinez because of her gender.

61.     The treatment of Martinez was both subjectively and objectively offensive.

62.     Martinez complained to her direct supervisor regarding the fact that opposing experts were targeting her and advised of the sexual harassment and threats.

63.     As part of her continued employment at Cherry Bekaert, Martinez was told to ignore the harassment and threats.

64.     The harassment and threats made by the opposing experts interfered with Martinez's work performance and created an intimidating, hostile and offensive work environment of which Cherry Bekaert was aware.

65.     Even though the harassers were not employees, Cherry Bekaert had a duty to take immediate and appropriate corrective action, which it did not.

66.     As a direct, natural and proximate result of the harassment and Defendant's inaction, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

67.     Defendant's treatment of Plaintiff has also caused her irreparable harm through the violation of her Florida statutory rights against sex discrimination, for which there is no adequate remedy at law.

68.     Defendant committed the acts alleged herein despicably, maliciously, fraudulently and/or oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in willful and conscious disregard of Plaintiff's rights. Plaintiff thus is entitled to recover punitive damages pursuant to Florida Civil Rights Act of 1992 (F.S. §760.11).

69.     Plaintiff is entitled, pursuant to § 760.11(5), to recover a reasonable attorney's fee, litigation expenses and costs.

**WHEREFORE**, Martinez demands the entry of judgment in her favor and against Defendant as follows:

a) Awarding Martinez back pay and benefits to which she would have been entitled but for Defendant's discriminatory acts;

b) Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it from violating the FCRA's prohibition against discrimination as to Martinez, and directing Defendant to reinstate Martinez with full seniority and benefits or provide front pay in lieu of reinstatement, or otherwise make Martinez whole;

c) Awarding Martinez compensatory damages;

d) Awarding Martinez punitive damages;

13

e)  Awarding Martinez liquidated damages or pre-judgment interest;

f)  Awarding Martinez her costs and reasonable attorney's fees pursuant to § 760.11(5) Fla. Stat.; and

g)  Awarding such other and further relief as this Court may deem just and proper.

**Count III Hostile Work Environment (Title VII)**

71.    Plaintiff re-alleges paragraphs 1 through 42 of the Complaint as set forth above.

72.    Martinez was subjected to unwelcome harassment.

73.    The harassment that Martinez was subjected to was based upon Martinez's gender.

74.    The harassment and threats that Martinez was subjected to was severe and persistent enough and affected the terms, conditions and privilege of Martinez's employment and created a discriminatory or abusive working environment.

75.    Even though the harassers were not its employees, Cherry Bekaert had a duty to take immediate and appropriate corrective action, which it did not.

76.    As a direct, natural and proximate result of the harassment and the hostile work environment, and Defendant's inaction, Plaintiff has suffered damages including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

77.    Cherry Bekaert is responsible for the hostile work environment either through vicarious or direct liability due its inaction which allowed the hostile work environment to exist.

78.     Defendant committed the acts alleged herein despicably, maliciously, fraudulently and/or oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in willful and conscious disregard of Plaintiff's rights.  Plaintiff thus is entitled to recover punitive damages pursuant to 42 U.S.C. § 1981a(a)(1).

**WHEREFORE**, Martinez demands the entry of judgment in her favor and against Defendant as follows:

a)  Awarding Martinez back pay and benefits to which she would have been entitled but for Defendant's discriminatory acts;

b)  Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it from violating Title VII's prohibition against discrimination as to Martinez, and directing Defendant to reinstate Martinez with full seniority and benefits or provide front pay in lieu of reinstatement, or otherwise make Martinez whole;

c)  Awarding Martinez compensatory damages;

d)  Awarding Martinez punitive damages;

e)  Awarding Martinez liquidated damages or pre-judgment interest;

f)  Awarding Martinez her costs and reasonable attorney's fees pursuant to § 2000e-5(k); and

g)  Awarding such other and further relief as this Court may deem just and proper.

**Count IV Hostile Work Environment (FCRA)**

79.     Plaintiff re-alleges paragraphs 1 through 42 of the Complaint as set forth above.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

80.     Martinez was subjected to unwelcome harassment.

81.     The harassment that Martinez was subjected to was based upon Martinez's gender.

82.     The harassment and threats that Martinez was subjected to was severe and persistent enough and affected the terms, conditions and privilege of Martinez's employment and created a discriminatory or abusive working environment.

83.     Even though the harassers were not its employees, Cherry Bekaert had a duty to take immediate and appropriate corrective action, which they did not.

84.     As a direct, natural and proximate result of the harassment and the hostile work environment, and Defendant's inaction, Plaintiff has suffered damages including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

85.     Cherry Bekaert is responsible for the hostile work environment either through vicarious or direct liability due its inaction that allowed the hostile work environment to exist.

86.     Defendant committed the acts alleged herein despicably, maliciously, fraudulently and/or oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in willful and conscious disregard of Plaintiff's rights.  Plaintiff thus is entitled to recover punitive damages pursuant to Florida Civil Rights Act of 1992 (F.S. §760.11).

87.     Plaintiff is entitled, pursuant to § 760.11(5), to recover a reasonable attorney's fee, litigation expenses and costs.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

**WHEREFORE**, Martinez demands the entry of judgment in her favor and against Defendant as follows:

a)  Awarding Martinez back pay and benefits to which she would have been entitled but for Defendant's discriminatory acts;

b)  Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it from violating the FCRA's prohibition against discrimination as to Martinez, and directing Defendant to reinstate Martinez with full seniority and benefits or provide front pay in lieu of reinstatement, or otherwise make Martinez whole;

c)  Awarding Martinez compensatory damages;

d)  Awarding Martinez punitive damages;

e)  Awarding Martinez liquidated damages or pre-judgment interest;

f)  Awarding Martinez her costs and reasonable attorney's fees pursuant to § 760.11(5) Fla. Stat.; and

g)  Awarding such other and further relief as this Court may deem just and proper.

## Count V Retaliation (Title VII)

88.    Plaintiff re-alleges paragraphs 1 through 42 of the Complaint as set forth above.

89.    Martinez participated in a statutorily protected activity by complaining numerous times to several of her supervisors at Cherry Bekaert regarding the harassment and threats as well as the hostile work environment she was experiencing.

90.     Defendant retaliated against Plaintiff for exercising her rights protected by Title VII.

91.     Martinez suffered an adverse employment action in that her role in ongoing cases was diminished and she was assigned fewer cases.  These adverse actions affected her status at work as well as her ability to advance and receive salary increases and bonuses.

92.     The adverse employment action suffered by Martinez was causally related to the protected activity.

93.     Defendant and its supervisory personnel were aware that retaliation is unlawful, but acted in reckless disregard of Title VII.

94.     As a direct, natural and proximate result of the retaliation, Plaintiff has suffered damages including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

95.     Defendant committed the acts alleged herein despicably, maliciously, fraudulently and/or oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in willful and conscious disregard of Plaintiff's rights.  Plaintiff thus is entitled to recover punitive damages pursuant to 42 U.S.C. § 1981a(a)(1).

96.     Plaintiff is entitled, pursuant to § 2000e-5(k), to recover a reasonable attorney's fee, litigation expenses and costs.

**WHEREFORE**, Martinez demands the entry of judgment in her favor and against Defendant as follows:

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

a) Awarding Martinez back pay and benefits to which she would have been entitled but for Defendant's discriminatory acts;

b) Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it from violating Title VII's prohibition against retaliation as to Martinez, and directing Defendant to reinstate Martinez with full seniority and benefits or provide front pay in lieu of reinstatement, or otherwise make Martinez whole;

c) Awarding Martinez compensatory damages;

d) Awarding Martinez punitive damages;

e) Awarding Martinez liquidated damages or pre-judgment interest;

f) Awarding Martinez her costs and reasonable attorney's fees pursuant to § 2000e-5(k); and

g) Awarding such other and further relief as this Court may deem just and proper.

**Count VI Retaliation (FCRA)**

97.   Plaintiff re-alleges paragraphs 1 through 42 of the Complaint as set forth above.

98.   Martinez participated in a statutorily protected activity by complaining numerous times to several of her supervisors at Cherry Bekaert regarding the harassment and threats as well as the hostile work environment she was experiencing.

99.   Defendant retaliated against Plaintiff for exercising her rights protected by the FCRA.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

100.    Martinez suffered an adverse employment action in that her role in ongoing cases was diminished and she was assigned fewer cases. These adverse actions affected her status at work as well as her ability to advance and receive salary increases and bonuses.

101.    The adverse employment action suffered by Martinez was causally related to the protected activity.

102.    Defendant and its supervisory personnel were aware that retaliation is unlawful, but acted in reckless disregard of the FCRA.

103.    As a direct, natural and proximate result of the retaliation, Plaintiff has suffered damages including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

104.    Defendant committed the acts alleged herein despicably, maliciously, fraudulently and/or oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in willful and conscious disregard of Plaintiff's rights.  Plaintiff thus is entitled to recover punitive damages pursuant to Florida Civil Rights Act of 1992 (F.S. §760.11).

105.    Plaintiff is entitled, pursuant to § 760.11(5), to recover a reasonable attorney's fee, litigation expenses and costs.

**WHEREFORE**, Martinez demands the entry of judgment in her favor and against Defendant as follows:

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

a)  Awarding Martinez back pay and benefits to which she would have been entitled but for Defendant's discriminatory acts;

b)  Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it from violating the FCRA's prohibition against retaliation as to Martinez, and directing Defendant to reinstate Martinez with full seniority and benefits or provide front pay in lieu of reinstatement, or otherwise make Martinez whole;

c)  Awarding Martinez compensatory damages;

d)  Awarding Martinez punitive damages;

e)  Awarding Martinez liquidated damages or pre-judgment interest;

f)  Awarding Martinez her costs and reasonable attorney's fees pursuant to§ 760.11(5) Fla. Stat.; and

g)  Awarding such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable.

Respectfully submitted December 26, 2018,

    /s/  Lowell J. Kuvin
Lowell J. Kuvin, Esq.
Fla. Bar No.: 53072
lowell@kuvinlaw.com
Law Office of Lowell J. Kuvin
17 East Flagler St., Suite 223
Miami, Florida 33131
Tel:     305.358.6800
*Attorneys for Plaintiff*

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808