UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
Case No: 1:18-25429-CV-MGC

MAITE MARTINEZ,

    Plaintiff,
v.

CHERRY BEKAERT, LLP,
a Foreign for profit corporation,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, MAITE MARTINEZ, by and through undersigned counsel, files her response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint [D.E. #12], and states:

### I.    Standard of Review

For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept plaintiff's allegations as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, (1984); *Holtzman v. B/E Aerospace, Inc.*, 2008 WL 214715, *1 (S.D.Fla. Jan.24, 2008) ("When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.") (citing *Hishon*, 467 U.S. at 73). However, this does not give a plaintiff carte blanche to merely aver a formulaic recitation of the elements of a claim supported by conclusory labels. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (citations omitted). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. 544 (2007) (abrogating the

former "unless it appears beyond a doubt that the plaintiff can prove no set of facts ...." standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (*en banc*) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Finally, at the motion to dismiss stage, under Fed.R.Civ.P. 12(b)(6), a court can only examine the four corners of a complaint. *See Crowell v. Morgan Stanley Dean Witter Servs., Co., Inc.*, 87 F.Supp. 2d 1287 (S.D.Fla. 2000).

## II.   Issues

Defendant states two (2) reasons that Plaintiff's Amended Complaint ("Complaint") should be dismissed: (A) Plaintiff cannot sue [Cherry Bekaert] ("CB") for alleged improper conduct on the part of non-CB employees; (B) Plaintiff never complained that the non-CB adversary accountant who were harassing her was based on her gender. [D.E. # 12, pp.5, 6, respectively.]

### A.   Plaintiff Has Stated A Plausible Reason For Holding Cherry Bekaert Liable

To establish a prima facie case of hostile work environment sexual harassment, Plaintiff must show: (1) that she belongs to a protected group; (2) that she has been subject to unwelcome sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment "was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment"; and (5) a basis for holding the employer liable.

*See Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1257 (11th Cir. 2003) citing *Mendoza v. Borden, Inc.,* 195 F.3d 1238, 1245 (11th Cir.1999) (*en banc*).   Notably, there is no requirement that the alleged harasser also be employed by the same employer.

In order to establish a basis for holding a defendant liable for a hostile work environment, plaintiff must show that defendant had notice of the alleged harassment and failed to take immediate and appropriate corrective action. *See Watson*, 324 F.3d at 1257 citing *Miller v. Kenworth of Dothan, Inc.,* 277 F.3d 1269, 1278–80 (11th Cir. 2002); *see also Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 647 (11th Cir. 1997) (requiring employers to take "prompt remedial actions" in response to harassment).

Defendant contends that Plaintiff cannot sue CB for alleged improper conduct on the part of non-CB employees and cites to *Joseph v. Publix Super Mkts.*, 983 F. Supp. 1431 (S.D.Fla. 1997), *Reynolds v. CSX Transp. Inc.*, 115 F.3d 860 (11th Cir. 1997)[1]; *Steele v. Offshore Shipbuilding Inc.*, 867 F.2d 1311 (11th Cir. 1989); *Huddleston v. Roger Dean Chevrolet Inc.*, 845 F.2d 900 (11th Cir. 1988); and *Neal v. Manpower International, Inc. and Wayne-Dalton Corp.*, 3:00–CV–277/LAC, 2001 WL 1923127 (N.D. Fla. September 17, 2001).

None of the cases cited by Defendant involve a hostile work environment where the employer knew or reasonably should have known that the plaintiff was harassed by a non-employee of the defendant.  Instead, Defendant's sole authority for its argument is *Neal*.

*Neal* is an unreported Northern District case heavily relied upon by Defendant for the

---

[1] Defendant's cite to *Reynolds v. CSX Transp. Inc.*, 115 F.3d 860 (11th Cir. 1997) is extremely misplaced in that the decision was vacated remanded by the U.S. Supreme Court. *See Reynolds v. CSX Transp. Inc.*, 524 U.S. 947 (1998) (Petition for writ of certiorari granted. Judgment vacated, and case remanded to the United States Court of Appeals for the Eleventh Circuit for further consideration in light of *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)).
.

idea that there are "inherent problems with trying to hold an employer liable for actions undertaken by an entirely separate company." [D.E. #12, p.7]. However, *Neal* is not applicable to the instant fact pattern.

One of the named defendants in *Neal*, Manpower, was a temporary help company that pursuant to a contract with Wayne-Dalton Corp. was to provide temporary workers. Manpower hired the female plaintiff to work at the Wayne-Dalton's factory, but Wayne-Dalton supervised and controlled the terms of the plaintiff's work conditions. The plaintiff's supervisor was a Wayne-Dalton employee. After the plaintiff was discharged for refusing her supervisor's sexual advances, she alerted her employer, Wayne-Dalton, during her exit interview of the harassment that she was forced to endure. *Id*.

The *Neal* court granted summary judgment to Manpower because, "Manpower neither takes part in the management or operations of the Wayne–Dalton facility, nor does Manpower have authority or control over Wayne–Dalton employees[.]" *Id*. at *9. Significantly, the *Neal* court denied summary judgment as to the plaintiff's employer, Wayne-Dalton. *Id*. at *16.

*Neal* is not in any way analogous to the instant fact pattern. In the instant case, Plaintiff alleges that she complained to her employer CB regarding the harassment she was forced to endure by opposing counsel's experts. [D.E. #11, ¶¶23-44].

Additionally, Defendant has chosen to ignore a number of cases that support Plaintiff's position that CB can be held liable for the harassment she complained about. An employer may be found liable for the harassing conduct of its customers if the employer fails to take immediate and appropriate corrective action in response to a hostile work environment of which the employer knew or reasonably should have known. *See, e.g.*, *Lockard v. Pizza Hut, Inc.*, 162 F.3d

1062, 1073–74 (10th Cir. 1998)("An employer who condones or tolerates the creation of such an environment should be held liable regardless of whether the environment was created by a co-employee or a nonemployee, since the employer ultimately controls the conditions of the work environment."); *Folkerson v. Circus Circus Enter., Inc.*, 107 F.3d 754 (9th Cir.1997); *Watson*, 324 F.3d at n2.[2]

**B.    Plaintiff's Complaint Properly Alleges That Plaintiff Complained She Was Being Harassed Because Of Her Gender**

In its Motion, Defendant states in part that: "Yet, the Plaintiff never alleges she advised CB that she felt that the inappropriate behavior on the part of the non-CB adversary accountant was based on her gender or any other protected basis." [D.E. #12, p.8].

It is well established that an employer may be found liable for the harassing conduct of its customers if the employer fails to take immediate and appropriate corrective action in response to a hostile work environment of which the employer knew or reasonably should have known. *See Lockard*, 162 F.3d at 1074. Martinez's Amended Complaint clearly states that she made complaints to several of her supervisors regarding the harassment and directly mentioned her gender as the cause of the harassment or emails were sent to CB management that specifically mentioned Martinez's gender.

In Martinez's Complaint, she outlines the harassment and her complaints to CB management: Martinez copied both Shechter and Michael Everett. The Representative responded

---

[2] 29 CFR § 1604.11(e) An employer may also be responsible for the acts of non-employees, with respect to sexual harassment of employees in the workplace, where the employer (or its agents or supervisory employees) knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing these cases, the Commission will consider the extent of the employer's control and any other legal responsibility which the employer may have with respect to the conduct of such non-employees.

to Martinez's email by asking, in part, "PHIL, DON'T YOU HAVE THE BALLS TO STOP THIS WOMAN . . . ?" (Caps in original). [D.E. #11, ¶36]; Martinez informed Mr. Moss that she was being harassed and threatened by the Representative because she is a woman. *Id*. ¶38; The opposing accounting firm's Representatives targeted Martinez because of her gender. *Id*. ¶47, ¶62, ¶74, ¶83.

Accordingly, the Amended Complaint sufficiently and properly alleges that Plaintiff complained to CB that the inappropriate behavior on the part of the non-CB adversary accountant was based on Plaintiff's gender.

For the reasons set forth herein, it is respectfully requested that the instant Motion be denied in its entirety.

WHEREFORE, Plaintiff respectfully requests that the Court deny the instant Motion in its entirety, and that the Court grant such other and further relief as is just and proper.

Dated: March 7, 2019

/s/  Lowell J. Kuvin
Lowell J, Kuvin
Fla. Bar No.:53072
lowell@kuvinlaw.com
Law Office of Lowell J. Kuvin
17 East Flagler St., Suite 223
Miami, Florida 33131
Tel:    305.358.6800
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will automatically send a copy of the foregoing to all registered counsel in this action.