UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO.: 1:18-cv-25429-MGC

MAITE MARTINEZ,

     Plaintiff,

v.

CHERRY BEKAERT, LLP, a foreign for profit
corporation,

     Defendant.

_____/

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT WITH PREJUDICE

COMES NOW Defendant, CHERRY BEKAERT, LLP (hereinafter "CB"), by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this Reply in support of an Order granting its Motion to Dismiss the Plaintiff's Amended Complaint (DE 11) with prejudice, and in support thereof states as follows:

### I. PLAINTIFF FAILS TO PRESENT ANY AUTHORITY THAT HOLDS AN EMPLOYER LIABLE FOR ACTS OF A NON-EMPLOYEE ADVERSARY.

The key question for the Court remains whether the law allows the Plaintiff to hold her former employer liable for alleged harassment and bullying by the competing accounting expert who worked for an entirely separate accounting firm in a contentious divorce case. The Plaintiff's Opposition brief fails to identify any binding legal authority that could find CB liable for the alleged bullying sustained by Plaintiff from an accountant at another accounting firm.

The Plaintiff spends the majority of her opposition brief attempting to convince the Court that the law relied by CB is distinguishable or inapplicable to the pending matter. Indeed, in its Motion to Dismiss, CB explicitly recognized the fact the "Plaintiff attempts to expand the basis to hold an employer liable in a manner that is not recognized under the law" and "(b)ecause the Plaintiff's theory for liability attempts to expand the law, there is little case law that evaluates an analogous theory." *DE 12 at pgs. 6-7.* The law cited by CB in its Motion to Dismiss evaluates the level of control over the alleged bully that the employer must maintain to hold an employer responsible for the causes of action sued upon in this instance. Unlike the cases cited by Plaintiff, in this instance the adversary expert accountant undeniably did not work for CB, was not a customer or client for CB, and the alleged bully's acts towards the Plaintiff did not occur in CB's workplace. CB could not fire, reprimand, or remove the alleged bully from his role as the adversary expert in the divorce case where CB served as an expert.

The Plaintiff cites two cases that she believes supports her claims against CB. These cases do not help the Plaintiff's case. *In Lockard v. Pizza Hut,* Inc. 162 F.3d 1062, 1073-74 (10th Cir. 1998), the Tenth Circuit Court of Appeals considered whether Pizza Hut could be liable for alleged harassment towards one of its employees from Pizza Hut customers. The Plaintiff alleged that customers made "filthy" comments to her and physically assaulted her. *Id. at 1072.* Pizza Hut denied that the employer could be held vicariously liable for the harassing conduct of its customers. When allowing the claim against Pizza Hut to proceed, the Court analogized as follows:

> Because harassment by customers is more analogous to harassment by co-workers than by supervisors, we hold the same standard of liability applies to both co-worker and customer harassment. Thus, employers may be held liable in these circumstances if they "fail[] to remedy or prevent a hostile or offensive work environment of which management-level employees knew, or in the exercise of reasonable care should have known." *Id.* at 1074, citing *Hirschfeld v. New Mexico Corrections Dep't*, 916 F.2d 572, 577 (10th Cir. 1990).

Yet, unlike a customer at a Pizza Hut, the Plaintiff's alleged bully was not one of the Plaintiff's customers, clients, or co-workers. The alleged bully was also not someone who CB could terminate, refuse to serve, or remove from its facilities. *Id.* at 1075 ("Under Pizza Hut's policy manual on sexual harassment, which instructs managers on the steps they should take once they become aware of customers who harass employees, managers are specifically authorized to "ask the customer to refrain from the conduct and if the customer persists, ask the customer to leave the restaurant."). The alleged bully in this instance was someone who was purportedly bullying the Plaintiff from his desk at a competing accounting firm during the course of their competing expert work throughout a divorce case.

The second case cited by Plaintiff, *Folkerson v. Circus Circus Enters.* 107 F.3d 754 (9th Cir. 1997), involved the Ninth Circuit Court of Appeals similar determination on whether an employee can sue its employer when a customer, in this instance a casino patron, is harassing the employee. Importantly, the Ninth Circuit Court of Appeals in *Folkerson* found that the employer was not liable for the acts of its casino patron and affirmed summary judgment for the employer:

> To satisfy the first element in a prima facie case of retaliation, Folkerson must show sufficient facts to impute the actions of the casino patron to her employer. We conclude that Folkerson failed to show any facts which would indicate that Circus Circus in any way ratified or acquiesced in the patron's alleged sexual harassment. Instead, the facts indicate that Circus Circus took reasonable steps to ensure Folkerson's safety from customer harassment.

*Id. at 756.*

The Plaintiff's failure to cite any law that supports her unique theory of liability underscores the credibility in this instance. CB does not dispute the notion that it could conceivably face liability under the causes of action alleged if one of its customers or clients was harassing the Plaintiff while visiting CB's accounting firm. But, that is not the situation here. The alleged harassment was coming from an outsider of the firm whose job was to be the Plaintiff's

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

adversary expert in a contentious divorce case. While the alleged actions of the bully in this instance would clearly be unacceptable and unprofessional conduct on the part of a professional accountant, CB lacked the situational ability and control to take the immediate and/or corrective actions that could have prevented the alleged conduct.

The law simply does not place legal liability on CB for allegedly failing to prevent a non-employee adversary expert from harassing one of its workers from his desk at a competing accounting firm. The Plaintiff's theory of liability is not recognized under Title VII or the FCRA.

Consequently, the Court should dismiss the Complaint with prejudice.

## II.   PLAINTIFF NEVER COMPLAINED THE BULLYING WAS BASED ON HER GENDER.

The Plaintiff's purported connection between the alleged bullying and her gender was based on one alleged email from the alleged bully to another CB employee, not including the Plaintiff, whereby the bully purportedly stated "PHIL, DON'T YOU HAVE THE BALLS TO STOP THIS WOMAN . . .?" *DE 11 at ¶ 36*. While this purported communication, which was not sent to the Plaintiff, notes the Plaintiff's gender, the communication itself is just as critical of the Plaintiff's male partner, "Phil", as the Plaintiff herself.  Taking the broad leap to assume this communication equates to discrimination based on Plaintiff's gender is insufficient to constitute notice to CB that gender discrimination may be ongoing.

Nowhere does the Plaintiff allege sufficient facts to tie her purported belief that the bullying or harassment was based on the Plaintiff's gender, thereby elevating her complaint from mere bullying or adversarial disputes to illegal conduct protected by Title VII or the FRCA.   As a result, the Complaint fails to state a claim under which relief may be granted, and the Complaint should be dismissed pursuant to F.R.C.P 12(b)(6).

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

WHEREFORE, Defendant, CHERRY BEKAERT, LLP, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully requests that the Court issue an Order dismissing this action with prejudice, and for such other relief the Court deems just and proper under the circumstances.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of March, 2019, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant CHERRY BEKAERT,
LLP, a Foreign for profit corporation
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6415
Facsimile (305) 373-2294
Primary e-mail: cody.german@csklegal.com
Secondary e-mail: andrew.simon@csklegal.com
Alternate e-mail: magaly.triana@csklegal.com


By: s/ John Cody German
JOHN CODY GERMAN
Florida Bar No.: 58654
ANDREW G. SIMON
Florida Bar No.: 1002623

## SERVICE LIST

Lowell J. Kuvin, Esquire
*Attorneys for Plaintiff*
Law Office of Lowell J. Kuvin
17 East Flagler Street
Suite 223
Miami, Florida 33131
Tel: 305-358-6800
lowell@kuvinlaw.com

1620.0109-00/12658984