UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO.: 1:18-cv-25429-MGC

MAITE MARTINEZ,

    Plaintiff,

v.

CHERRY BEKAERT, LLP,
a Foreign for profit corporation,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT (DE 11)

COMES NOW Defendant, CHERRY BEKAERT, LLP, by and through its undersigned attorneys, and hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint ("Complaint"), and in support thereof states as follows:

### NATURE OF THE ACTION

1. Admitted in so far that Plaintiff has brought the instant action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Florida Civil Rights Act, Fla. Stat., § 760.01, *et seq.* ("FCRA")(2017); Denied that there is any unlawful or discriminatory employment practices on the part of Defendant to be corrected and denied that Plaintiff is entitled to the damages stated, if any damages at all.

### JURISDICTION, VENUE AND PARTIES

2. Admit in so far this Court has Jurisdiction over Plaintiff's Federal claims, denied as to the remainder.

3. Admit in so far that Venue is proper for the Federal claims.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

## SATISFACTION OF CONDITIONS PRECEDENT

8. Admit is so far that Plaintiff's EEOC intake Questionnaire says what it purports to say. Denied as to timeliness.

9. Admit is so far that Plaintiff's "Form 5" says what it purports to say.

10. Admit in so far that Exhibit "A" attached to the Complaint says what it purports to say.

11. Without knowledge, therefore denied.

## APPLICABLE STATUTES

12. Admit that the Plaintiff accurately quotes, in part, Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. § 2000e-2(a); Denied that Defendant violated same.

13. Admit that the Plaintiff accurately quotes, in part, Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. § 2000e-3; Denied that Defendant violated same.

14. Admit that the Plaintiff accurately quotes, Florida Statute § 760.10(1); Denied that Defendant violated same.

15. Admit that the Plaintiff accurately quotes, Florida Statute § 760.10; Denied that Defendant violated same.

## GENERAL ALLEGATIONS

16. Admit.

17. Admit.

18. Denied as stated.

19. Admit.

20. Denied as stated.

21. Admit in so far that Plaintiff enumerates employment responsibilities expected of Plaintiff.

22. Admit.

23. Without knowledge, therefore denied; Denied to extent it calls for a legal conclusion.

24. Without knowledge, therefore denid; Denied to extent it calls for a legal conclusion.

25. Denied as stated; Denied to extent it calls for a legal conclusion.

26. Without knowledge as to Plaintiff's state of mind; Denied as stated.

27. Denied as stated.

28. Denied.

29. Denied.

30. Denied as stated; Denied to extent it calls for a legal conclusion.

31. Denied as stated.

32. Denied as stated.

33. Denied.

34. Denied.

35. Denied as stated.

36. Denied as stated.

37. Denied as stated.

38. Denied.

39. Denied as stated.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT I – SEX DISCRIMINATION (TITLE VII)

45. Defendant restates its responses to paragraphs 1-44 of the Complaint.

46. Admit in so far that during all relevant times Title VII of the Civil Rights Act of 1964, as amended were in effect.

47. Without knowledge, therefore denied.

48. Denied to the extent that it implies the Defendant treated Plaintiff in an offensive manner.

49. Denied that Plaintiff complained about sexual harassment.

50. Denied as stated.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## COUNT II – SEX DISCRIMINATION (FCRA)

58. Defendant restates its responses to paragraphs 1-44 of the Complaint.

59. Admit in so far that during all relevant times the Florida Civil Rights Act of 1992 was in effect.

60. Admit.

61. Admit.

62. Without knowledge, therefore denied.

63. Denied to the extent that it implies the Defendant treated Plaintiff in an offensive manner.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT III HOSTILE WORK ENVIRONMENT (TITLE VII)

72. Defendant restates its responses to paragraphs 1-44 of the Complaint.

73. Denied to the extent that it implies Defendant harassed or threatened Plaintiff.

74. Denied to the extent that it implies Defendant harassed or threatened Plaintiff. Without knowledge, therefore denied as to the reason a third party would treat Plaintiff poorly.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

5
**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

79. Denied.

80. Denied.

## COUNT IV HOSTILE WORK ENVIRONMENT (FCRA)

81. Defendant restates its responses to paragraphs 1-44 of the Complaint.

82. Denied to the extent that it implies Defendant harassed or threatened Plaintiff.

83. Denied to the extent that it implies Defendant harassed or threatened Plaintiff. Without knowledge, therefore denied as to the reason a third party would treat Plaintiff poorly.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## COUNT V RETALIATION (TITLE VII)

90. Defendant restates its responses to paragraphs 1-44 of the Complaint.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

## COUNT VI RETALIATION (FCRA)

99. Defendant restates its responses to paragraphs 1-44 of the Complaint.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

Any allegations contained with the above-styled complaint not hereinbefore or hereinafter specifically admitted are denied and strict proof of same is demanded thereof. Defendant further denies that Plaintiff is entitled to any of the relief sought within Plaintiff's "WHEREFORE" clause and expressly denies Plaintiff's entitlement to an award of attorneys' fees in this matter.

**WHEREFORE**, the Defendant demands Judgment against the Plaintiff for costs and all other damages which this Court deems just and equitable and further Defendant demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1. As a First Affirmative Defense, Defendant asserts that Plaintiff's Complaint, and each purported claim contained therein, fails to state a claim upon which relief can be granted.

2. As a Second Affirmative Defense, Defendant asserts that Plaintiff's Complaint, and each purported claim contained therein, is barred in whole or in part because all decisions with respect to Plaintiff's employment were made by Defendant for legitimate, non-discriminatory, non-pretextual, business reasons.

3. As a Third Affirmative Defense, Defendant asserts that Plaintiff's claims are barred because the Defendant took prompt, reasonable, and adequate steps to stop and/or correct the conduct by the alleged harasser who was not employed by Defendant.

4. As a Fourth Affirmative Defense, Defendants asserts that Plaintiff is estopped from pursuing the claims in the Complaint, and each purported claim contained therein, because even if any unlawful harassment occurred on the part of a non-employee or customer, such conduct was prohibited by Defendant's own policies and otherwise was not within Defendant's control.

5. As a Fifth Affirmative Defense, Defendant asserts that Plaintiff has waived her right, if any, to pursue the claims in the Complaint, and each purported claim contained therein, because of her voluntary resignation from her employment in a manner that would never be considered part of a constructive discharge.

6. As an Sixth Affirmative Defense, Defendant asserts that Plaintiff's Complaint, and each and every purported claim alleged therein, is barred because Plaintiff has failed to mitigate or reasonably attempt to mitigate her damages, if any, as required by law.

7. As a Seventh Affirmative Defense, Defendant asserts that they have not acted with malice, reckless indifference or fraud toward Plaintiff, and, therefore, Defendant cannot be liable for punitive damages.

8. As an Eighth Affirmative Defense, Defendant asserts that Plaintiff is not entitled to receive punitive damages because Plaintiff has not pled and cannot prove facts sufficient to support such an award.

9. As a Ninth Affirmative Defense, Defendant asserts that all claims alleged in the Complaint with respect to acts or events occurring more than 300 days before the filling of Plaintiff's EEOC charge are barred by the applicable statute of limitations.

10. As a Tenth Affirmative Defense, Defendant asserts that all claims alleged in the Complaint that were not included in Plaintiff's charge filed with the U.S. Equal Employment Opportunity Commission (the EEOC) are barred because of the failure satisfy the statutory prerequisites.

11. Defendant expressly reserve its right to supplement or otherwise amend its Affirmative Defenses as justice requires.

*[CERTIFICATE OF SERVICE ON NEXT PAGE]*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of May, 2019, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6415
Facsimile (305) 373-2294
Primary e-mail: cody.german@csklegal.com
Secondary e-mail: andrew.simon@csklegal.com

By:  s/ John Cody German
JOHN CODY GERMAN
Florida Bar No.: 58654
ANDREW G. SIMON
Florida Bar No.: 1002623

1620.0109-00/14215076