UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Case No: 1:18-cv-25429-MGC

MAITE MARTINEZ,

    Plaintiff,
v.

CHERRY BEKAERT, LLP,
a Foreign for profit corporation,

    Defendant.
_____/

## AMENDED JOINT PLANNING AND SCHEDULING REPORT

Pursuant to Local Rule 16.1(a)(2)(B) of the Local Rules of the United States District Court for the Southern District of Florida, and this Court's Order (DE 5), Plaintiff and Defendants, by and through their undersigned counsel, hereby file this Joint Planning and Scheduling Report.

**I.**    **Case Management Track**

The Parties agree to setting this case on a standard track.

**II.**    **REPORT OF THE PARTIES CONFERENCE PURSUANT TO FED.R.CIV.P. 26(f)**

**A.**    **Nature And Basis Of The Parties' Claims And Defenses Including the Amount of Damages:**

Plaintiff alleges she worked for Defendants as a litigation staff member in litigation support for Defendant. She alleges that she was harassed because of her sex by the opposing experts. Plaintiff complained to her supervisors about the harassment but nothing was done and the harassment continued. After Plaintiff complained to her supervisors, the conditions of her work

1

environment significantly changed. Plaintiff was told she was no longer needed to attend hearings and depositions on cases that the harasser(s) were working. Because the harassment continued, and Defendant did little to nothing to address Plaintiff's complaints, Plaintiff was forced to resign her position.

Plaintiff is seeking back pay, front pay, remuneration for lost benefits, compensatory damages as well as punitive damages.

Defendant believes the Plaintiff's claim is unsupportable on a factual and legal standpoint. The Defendant does not believe it can be held liable for alleged bullying on the part of an adversarial expert from another company. Notwithstanding the same, the Defendant believes that it handled the Plaintiff's Complaints concerning the non-Defendant bully appropriately. The Defendant does not believe that the Plaintiff was discriminated by the Defendant or subject to a hostile work environment. The Defendant contests the Plaintiff's characterization of her resignation being founded on a hostile work environment. Finally, the Defendant believes the Plaintiff's claims are barred by the statute of limitations.

**B. Damages:**

1. Plaintiff's alleged damages are back wages, front wages, lost benefits, compensatory damages, and punitive damages.
2. Defendants do not believe the Plaintiff is entitled to any damages.

**1. Brief Summary of Uncontested Facts**

1. Plaintiff was the employee of the Defendant.
2. Plaintiff voiced issues to Defendant about her relationship with an adversarial expert accountant at a separate accounting firm.
3. Plaintiff voluntarily resigned from her employment with Defendant.

2

2. **Summary of Issues Presently Known**.

   a. **Claims**

   i. Whether the continuing act doctrine applies
   ii. Whether Defendant can be held liable for the harassment of Plaintiff by a third-party non-employee of the Defendant.
   iii. Whether Plaintiff was constructively discharged.
   iv. Whether Defendant properly handled the Plaintiff's alleged harassment complaints within the parameters of the law.
   v. Whether the Plaintiff's claims are constructively discharged.
   vi. Amount of damages due.

   b. **Defenses**

   i. Lack of Control over alleged harasser.

   ii. Defendant's appropriate handling of Plaintiff's issues concerning the alleged harasser.

   iii. Plaintiff voluntarily resigned and was not constructively discharged.

   iv. Statute of limitations.

   v. Mitigation of Damages.

2. **Discovery**

The parties do not believe that discovery should be conducted in phases.

3. **Schedule of Discovery**

The parties agree that all fact discovery shall be completed by January 13, 2020.

4. **Proposed Deadlines**

August 1, 2019        Deadline to join additional parties; motions for class certification.

August 1, 2019        A mediator must be selected.

| | |
|---|---|
| January 20, 2020 | Parties shall exchange expert witness summaries and reports. |
| February 3, 2020 | Parties exchange rebuttal expert witness summaries and reports. Note: These provisions pertaining to expert witnesses do not apply to treating physicians, psychologists or other health providers (if a *Daubert* or *Markman* hearing may be necessary, the parties are to add that as an additional deadline at the bottom. |
| February 17, 2020 | Expert discovery, shall be completed. |
| January 13, 2020 | Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| March 2, 2020 | All summary judgment, *Daubert*, and other dispositive motions must be filed. A minimum of eight (8) weeks is required for the Court to review dispositive motion prior to filing of the joint pretrial stipulation. If no dispositive motions will be filed, clearly not this fact in the Joint Scheduling Report. |
| January 15, 2020 | Mediation shall be completed. |
| March 2, 2020 | All Pretrial Motions and Memoranda of Law must be filed. |
| June 1, 2020 | Joint Pretrial Stipulation must be filed. |
| July 13, 2020 | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |

      July 13, 2020        Deposition designations must be filed.

5. **Estimated Length of Trial**

   The parties estimate a two - three (2-3) day jury trial following *voir dire*.

6. **Pending Motions**

   None at this time.

7. **Unique or Factual Aspect**

   None at this time.

8. **Election of Magistrate or Special Master**

   The parties have agreed to submit all discovery matters to the Magistrate.

9. **Status And Likelihood of Settlement**

   The parties have not yet discussed a potential settlement of this case but will explore, in good faith, the possibilities of settlement as contemplated by S.D. Fla. L.R. 16.1 (B)(5), and as this case progresses further.

10. **Any Other Matters That Local Rule 16.1b Requires, Or That May Aid In The Fair, Expeditious And Efficient Management And/Or Disposition Of This Action**

    At this time, the parties are unaware of any other information that might aid the Court in the fair and expeditious administration and disposition of this action.

Dated: July 10, 2019

| | |
|---|---|
| **/s Lowell J. Kuvin** | **/s John Cody German** |
| Lowell J. Kuvin, Esq. | John Cody German, Esq. |
| Fla. Bar No.: 53072 | Fla. Bar No.: 58654 |
| *Law Office of Lowell J. Kuvin* | Andrew G. Simon, Esq. |
| 17 East Flagler St., Suite 223 | Fla. Bar No.: 1002623 |
| Miami, Florida 33131 | *Cole, Scott & Kissane, P.A.* |
| Tel: 305.358.6800 | 9150 South Dadeland Boulevard, Suite 1400 |
| lowell@kuvinlaw.com | P.O. Box 569015 |
| esther@kuvinlaw.com | Miami, Florida 33256 |
| *Attorney for Plaintiff* | Tel: 786.268.6415 |

>cody.german@csklegal.com
>andrew.simon@csklegal.com
>magaly.triana@csklegal.com
>*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 10, 2019, I electronically filed the foregoing document via CM/ECF which will automatically send a copy to all registered counsel in this case.

>/s Lowell J. Kuvin
>Lowell J. Kuvin, Esq.