UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
Case No: 1:18-25429-CV-MGC

MAITE MARTINEZ,

    Plaintiff,
v.

CHERRY BEKAERT, LLP,
a Foreign for profit corporation,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS FOR PRODUCTION OF DOCUMENTS DIRECTED TO NON-PARTIES, PHILIP SCHECHTER, MICHAEL EVERETT AND IVETTE ESQUERDO, MOTION FOR CONTEMPT AND REQUEST FOR ATTORNEYS' FEES AND COSTS

Plaintiff, MAITE MARTINEZ ("Plaintiff"), pursuant to Fed.R.Civ.P. 37(a) and 45(g), respectfully requests that the Court compel non-parties, PHILIP SCHECHTER, MICHAEL EVERETT AND IVETTE ESQUERDO to produce documents and materials in compliance with Plaintiff's duly served subpoenas, hold non-parties, PHILIP SCHECHTER, MICHAEL EVERETT AND IVETTE ESQUERDO in contempt and award Plaintiff her attorneys' fees and costs expended in preparing and prosecuting the instant motion ("Motion"), and in support states:

**RELEVANT PROCEDURAL HISTORY REGARDING THE SUBPOENAS**

1. Non-parties, PHILIP SCHECHTER, MICHAEL EVERETT AND IVETTE ESQUERDO (the "Non-Parties") all worked together with Plaintiff at the Miami Office of Defendant, CHERRY BEKAERT, LLP ("Cherry Bekaert").

2. Philip Schechter and Michael Everett were Plaintiff's direct supervisors, and Ivette Esquerdo was the head of the Human Resources Department.

3.  All three individuals have subsequently left Cherry Bekaert and all three now work together at Ospina, Everett & Schechter, LLP, located in Coral Gables, Florida.

4.  On or about September 25, 2019, Plaintiff's counsel drafted subpoenas *duces tecum* ("Subpoenaes") to the Non-Parties. *See* **Composite Exhibit "1."**

5.  After sharing the Subpoenas with counsel for Cherry Bekaert, Plaintiff's counsel sent the Subpoenas to be served.

6.  On October 2, 2019, Nathanial Suarez traveled to the office of Ospina, Everett & Schechter, LLP, and asked to speak with Mr. Schechter, Mr. Everett and Ms. Esquerdo.

7.  Ms. Esquerdo appeared and was personally served. Mr. Suarez asked Ms. Esquerdo if she would accept service for Mr. Schechter and Mr. Everett, Ms. Esquerdo agreed. A copy of the three (3) Returns of Service are collectively attached hereto as *See* **Composite Exhibit "2."**

8.  Shortly after the Subpoenas were served, Melissa Chames, Esq. contacted Plaintiff's counsel and stated that she was representing Mr. Schechter and to "please send all correspondence on this matter to this email address."

9.  Plaintiff's counsel reached out to Ms. Chames to address whether she was representing all three Non-Parties and to coordinate a deadline for the subpoenaed documents as well as to set mutually acceptable deposition dates.[1]  In response to the phone call, Ms. Chames responded by email:

> Lowell,
>
> It was nice "meeting" you over the phone. This shall confirm that the deposition dates in the subpoenas sent to Phil Shechter,

---

[1] Plaintiff's counsel also had the Non-Parties served with subpoenas for depositions at the same time they were served with the Subpoenas for documents.

2

>Michael Everett and Ivette Esquerdo will be reset to a mutually convenient date for all parties and counsel. I hope to get back to you next week with some dates after I confirm with Phil's office and Cody.
>
>**This shall also confirm that the responses to your subpoenas duces tecum shall be produced no later than 10/30/19.**
>
>Please feel free to call me on my cell should you need to.
>Thank You,
>Melissa Chames

See **Exhibit "3"** (emphasis added).

10. During the following weeks, there were approximately a dozen emails between Counsels (Plaintiff, Defendant and the Non-Parties) regarding mutually acceptable deposition dates for the Non-Parties.

11. The Non-Parties' deposition dates have been set for Mr. Schechter and Mr. Everett. Counsel for the Plaintiff has emailed Ms. Chames regarding the appearance of Ms. Esquerdo; Ms. Chames has failed to respond to those emails as well.

12. Nevertheless, the subpoenaed documents have not been produced nor have the Non-Parties responded to the Subpoenas in any way.

13. Ms. Chames has not objected to nor attempted to quash the Subpoenas or objected to the documents and materials requested.

14. Plaintiff's counsel e-mailed Ms. Chames several times regarding the production of the responsive documents and materials. *See* **Exhibit "4."**

15. Ms. Chames has not responded to these emails and has not requested an extension of time to respond to the Subpoenas.

16. This Motion has been made necessary due to the blanket refusal of the Non-Parties to produce any documents or materials in response to the Subpoenas.

3

17. The Non-Parties worked for Defendant during the relevant time period as Plaintiff's direct supervisors (Philip Schechter and Michael Everett) as well as the Human Resource Director (Ivette Esquerdo). However, at this time, the Non-Parties do not work for Cherry Bekaert, and Plaintiff is seeking the e-mails and text messages in their possession, custody and/or control.

18. The Subpoenas request that the Non-Parties produce their communications with Plaintiff and Cherry Bekaert as well as the harasser(s) during the relevant time period regarding the threats of violence, the workplace sex discrimination, the hostile work environment and the subsequent reporting of the threats, discrimination and the hostile work environment.

19. The communications are directly relevant to Plaintiff's claims and are likely to illuminate the threats of violence that were made, the knowledge that Cherry Bekaert had regarding the incidents complained of and the lack of any action taken by Cherry Bekaert to address Plaintiff's reports.

20. Because Plaintiff's requests are narrowly drawn to obtain only relevant material, because any burden of complying with those requests would be minimal and because Plaintiff's requests for the communications are directly relevant to Plaintiff's claims, the Court should enforce the Subpoenas.

## ARGUMENT AND MEMORANDUM OF LAW

Fed.R.Civ.P. 37 provides in relevant part:

> (a) Motion for an Order Compelling Disclosure or Discovery.
>
> (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

4

> (2) *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. **A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.**

(emphasis added).

As set forth above, the Subpoenas were properly served, the time to comply with the Subpoenas has passed, no timely objections or motions to quash were filed and no excuse has been proffered. Yet, the Non-Parties have willfully refused to comply with the Subpoenas. Accordingly, the Court should compel the Non-Parties to forthwith produce all of the documents and materials requested in the Subpoenas.

Fed.R.Civ. P. 45(g) provides:

> Contempt. The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — **may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.**

(emphasis added).

Moreover, in order to ensure compliance with the subpoenas and the requested and anticipated Court Order compelling the Non-Parties to comply, Plaintiff respectfully requests that the Non-Parties be held in contempt.

In addition, Plaintiff respectfully requests that the Court award Plaintiff her attorneys' fees and costs expended in preparing and prosecuting the instant Motion to be paid in equal shares by the three (3) Non-Parties and Ms. Chaimes. Fed.R.Civ.P. 37(a)(5) provides:

> Payment of Expenses; Protective Orders.
>
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—**the court must**, after giving an opportunity to be heard, **require the party or deponent whose conduct necessitated the**

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

>  **motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.** But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.[2]

Ms. Chames has been a member of the Florida Bar since 1980, and was admitted to practice in the Southern District of Florida in 1981. Ms. Chames is well aware of her obligation to not unreasonably multiply the proceedings as she has done here.[3]

WHEREFORE, Plaintiff respectfully requests that the Court grant the instant Motion in its entirety, enter an Order compelling non-parties, PHILIP SCHECHTER, MICHAEL EVERETT AND IVETTE ESQUERDO to produce all documents and materials requests in Plaintiff's subpoenas, hold non-parties, PHILIP SCHECHTER, MICHAEL EVERETT AND IVETTE ESQUERDO in contempt, award Plaintiff her attorneys' fees and costs expended in preparing and prosecuting the instant Motion as set forth herein, and grant such other and further relief as is just and proper.

### **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Plaintiff's counsel conferred with Melissa Chames, Esq. who opposes the relief requested herein.

---

[2] The Court also has the inherent power may award fees and costs associated with a discovery dispute, such as this, against the Non-Parties and their counsel.

[3] While Plaintiff intends to seek her attorneys' fees and costs in this action should she prevail against Cherry Bekaert, and while Plaintiff will include the time and costs associated with the instant Motion in any request for fees and costs against Cherry Bekaert, Plaintiff believes that it would be unfair to Cherry Bekaert to have to pay for fees and costs associated with the instant Motion when it was the improper conduct of the Non-Parties and their counsel that necessitated the Motion.

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Dated: November 13, 2019            Respectfully submitted,

/s/  Lowell J. Kuvin
Lowell J. Kuvin
Fla. Bar No.: 53072
lowell@kuvinlaw.com
Law Office of Lowell J. Kuvin, LLC
17 East Flagler St., Suite 223
Miami, Florida 33131
Tel:    305.358.6800
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 13, 2019, I electronically filed the foregoing document via the Court's CM/ECF system which will automatically send a copy to all registered users in this case.

/s/  Lowell J. Kuvin
Lowell J. Kuvin