UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO.: 1:18-cv-25429-MGC/Goodman

MAITE MARTINEZ,

    Plaintiff,

v.

CHERRY BEKAERT, LLP, a foreign for
profit corporation,

    Defendant.

_____/

## **DEFENDANT'S RESPONSE TO MOTION TO EXTEND DEADLINES**

COMES NOW Defendant, CHERRY BEKAERT, LLP, a foreign for profit corporation by and through the undersigned attorneys, pursuant DE 48, here files its response to the Plaintiff's Motion for Extension of Time to Conduct Discovery (DE 47).

The undersigned understands the tone of the Court's paperless Order found at DE 48 and appreciates the ability to respond. The Defendant's counsel did *not* object to a 60 day extension on the fact discovery. This was memorialized in an email chain dated March 25th (see below).

[Intentionally left blank]



The above email exchange occurred after the counsel for all parties had a very cordial call about working together to allow the Plaintiff's counsel to depose the final two witnesses who they wanted to depose, the Defendant's two corporate representatives who live out of state. This conversation took place after the Plaintiff's counsel wanted to take the depositions in April (see below).

From: Sundeep Mullick <sunny@kuvinlaw.com>
Sent: Tuesday, March 17, 2020 6:24 PM
To: 'Rossana N. Dominguez' <Rossana.Dominguez@gray-robinson.com>; 'Lowell J. Kuvin, Esq.' <lowell@kuvinlaw.com>
Cc: Lisa M. Butts <Lisa.Butts@csklegal.com>; Cody German <Cody.German@csklegal.com>
Subject: RE: Maite Martinez v. Cherry Bekaert

[CAUTION: EXTERNAL EMAIL]

Counsel:

Please provide dates of availability for the Defendant's corporate representative's deposition. The following are dates in April 2020 when we are not available: April 2, 6-10, 16, 21 & 27. Thank you.

Regards,
Sunny Mullick

Sundeep K. Mullick, Esq.
sunny@kuvinlaw.com
Law Office of Lowell J. Kuvin, LLC
17 East Flagler Street, Suite 223

Counsel for the Defendant's responded to this request as shown below.

- 2 -

> **From:** Cody German [mailto:Cody.German@csklegal.com]
> **Sent:** Wednesday, March 18, 2020 11:59 AM
> **To:** Sundeep Mullick; 'Lowell J. Kuvin, Esq.'
> **Cc:** Lisa M. Butts
> **Subject:** RE: Maite Martinez v. Cherry Bekaert
>
> Sunny,
>
> I can provide dates, but keep in mind the identified corporate reps are out of state (North Carolina and Virginia). What do you think about planning now as if it is a video depo?
>
> 
>
> **Cody German**
> Partner
> Tel: 786-268-6415 | Fax: 305-373-2294
> Cody.German@csklegal.com
> **Cole, Scott & Kissane P.A.**

In response, on March 19th, Plaintiff's counsel said that they wanted to take these out of state depositions in the next two weeks.

> **From:** Cody German
> **Sent:** Friday, March 20, 2020 9:08 AM
> **To:** 'Sundeep Mullick' <sunny@kuvinlaw.com>; 'Lowell J. Kuvin, Esq.' <lowell@kuvinlaw.com>
> **Cc:** Lisa M. Butts <Lisa.Butts@csklegal.com>
> **Subject:** RE: Maite Martinez v. Cherry Bekaert
>
> Sunny,
>
> My firm has a travel restriction right now. If we need to adjust the fact discovery deadline we can do so to appropriately account for the travel issues right now. You can call me this morning to discuss the scheduling order.
>
> **From:** Sundeep Mullick <sunny@kuvinlaw.com>
> **Sent:** Thursday, March 19, 2020 7:24 PM
> **To:** Cody German <Cody.German@csklegal.com>; 'Lowell J. Kuvin, Esq.' <lowell@kuvinlaw.com>
> **Cc:** Lisa M. Butts <Lisa.Butts@csklegal.com>
> **Subject:** RE: Maite Martinez v. Cherry Bekaert
>
> [CAUTION: EXTERNAL EMAIL]
>
> Cody:
>
> No, Lowell is ready to fly to the witnesses and depose them in person. Can you produce them within the next two weeks? Also, I realized an issue with the Scheduling Order. Please give me a time to call you about it. Thank you.
>
> Regards,
> Sunny Mullick
>
> Sundeep K. Mullick, Esq.
> sunny@kuvinlaw.com

As shown above, the undersigned informed Plaintiff's counsel last Friday that his firm has a travel restriction and "if we need to adjust the fact discovery deadline we can do so to

- 3 -

appropriately account for the travel issues right now." Thus, it was the undersigned counsel who initially proposed pushing back the discovery deadline so the Plaintiff's counsel could conduct the depositions he wanted to take.

Yesterday, counsel for the Parties spoke wherein the 60-day extension to the fact discovery deadline was agreed upon as shown above.  The undersigned counsel told Plaintiff's counsel that he felt it was premature to ask for an extension of the trial date that is supposed to occur in late Fall, 2020.

Thereafter, Plaintiff's counsel circulated a proposed Motion that included a 90 day extension, as opposed to the 60 days previously discussed. That Motion also sought an extension of the mediation deadline, which the undersigned noted is likely unnecessary since the parties already have a mediation date booked with Marlene Quintana for June 10, 2020.

> Dear Counsel:
>
> Mediation in the above-referenced matter is confirmed for Wednesday, June 10, 2020, at 10:00 a.m., at GrayRobinson's office located at 333 S.E. 2nd Avenue, Suite 3200, Miami, FL 33131.  Attached please find correspondence from Marlene Quintana, mediator, confirming same.  Please review, execute and return a copy.
>
> **Please advise as soon as possible how many people you expect to attend the mediation so we can accommodate everyone**.
>
> Please feel free to contact our office should you have any questions.
>
> Thank you very much,
> Rossy
>
> Rossana N. Dominguez | Legal Secretary
> GRAY|ROBINSON

Yesterday afternoon, the undersigned counsel provided edits to the Motion to Extend time in the hopes it could be filed jointly or unopposed and informed the Plaintiff's counsel that he believed 60 days was a sufficient postponement for now, but "we are reasonable people and if this drags on for a meaningful period of time from now we can all re-assess."

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

> Cody German    Sundeep Mullick; 'Chip Temple'                                    1    Wed 4:3
> Maite Martinez v. Cherry Bekaert, LLP (CSK File: 1620.0109-00): Motion to Extend Time
>
> Motion to Extend Time.docx
> 31 KB
>
> Sunny, attached please find my comments to your Motion. As you will see, I think the 90 day request is excessive and there is no need for the trial date to be pushed back. Obviously, we are reasonable people and if this drags on for a meaningful period of time from now we can all re-assess. Also, mediation is already scheduled for June 10th and I envision that mediation going forward. We all have bigger problems on our hands if we are still in a lockdown in June.

In the edits to the proposed Motion to Extend time, the undersigned wrote to Plaintiff's counsel "I think 60 days is more than a safe bet for right now" and "we will certainly work with you so you can take the 2 depos you want take, but we object to pushing back trial date at this point." The undersigned never heard back from the Plaintiff's counsel before they filed the Motion. When the undersigned checked into work this morning, he found the Court Order on this Motion.

The above history shows that: (a) the Plaintiff's counsel initially sought to take the remaining two depositions out of state in the next two weeks, (b) the undersigned counsel was the one who proposed the fact discovery extension so that the Plaintiff's counsel could take the out of state depositions at a better point in time, (c) the parties already have a mediation booked in Miami to occur on June 10th, (d) the parties had agreed to a 60 day extension on the fact discovery deadline, and (e) the undersigned made it clear in writing (and over the phone) that it was his opinion that it was premature to seek a postponement of the trial "and if this drags on for a meaningful period of time from now we can all re-assess", and (f) as of yesterday afternoon, the Plaintiff still sought to take the out of state depositions in April even with a 60 day extension of discovery agreed upon (and the undersigned agreed to provide dates of availability for those out state April depositions that Plaintiff's counsel sought to occur). The Plaintiff's Motion is clearly not correct per the Court's below inquiry in its Order.

> **If the motion is correct, then Defendant wants to push forward with the existing trial date and all trial-related deadlines even though no one has any idea when the Court will be able to safely resume jury trials (or when it will be safe to travel by air, to return to work or to get closer than ten feet to anyone).**

The history shows that the parties were working well together under the uncertain and tough circumstances. Before the Plaintiff filed the Motion, the only dispute that seemed to exist was whether it was premature to seek 90 as opposed 60 days for an extension and whether it was premature to postpone a trial that is scheduled to occur on October 26, 2020 (DE 46). In retrospect, perhaps the undersigned counsel will be shown to have been too optimistic that life will return to relative normalcy within the next 60 days. As shown in the email exchange from yesterday afternoon below, despite the parties (at that point) agreement on the 60 day extension, the Plaintiff sought to take the out of state depositions of Defendant's corporate representatives within a matter of weeks, and the undersigned agreed to get dates of availability for the same. The fact that as of yesterday the Plaintiff's counsel still wanted to travel to North Carolina and Virginia in April for the two depositions underscores the reason why the undersigned felt that 60 days would likely prove sufficient and it was premature to move the October trial date. Further, if the Plaintiff's counsel still wanted to travel out of state to take depositions next month, it would seem unnecessary to postpone the June 10th mediation in Miami.

- 6 -

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX



The undersigned hopes that the above helps clarify the positions taken and the tone and cooperation that was ongoing between the parties. The undersigned prides himself of professionalism and is not an attorney who finds himself involved in unnecessary discovery disputes. The undersigned was hoping that the underlying Motion would be submitted as joint or partially or wholly unopposed after further deliberation with Plaintiff's counsel. Certainly, the Motion was not opposed in the manner that was represented.

The undersigned is hopeful that the Court takes into consideration the above history related to this matter as reputation is paramount in this profession.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of March, 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

- 7 -

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

CASE NO.: 1:18-cv-25429-MGC/Goodman

                        COLE, SCOTT & KISSANE, P.A.
                        *Counsel for Defendant CHERRY BEKAERT, LLP, a foreign for profit corporation*
                        Cole, Scott & Kissane Building
                        9150 South Dadeland Boulevard, Suite 1400
                        P.O. Box 569015
                        Miami, Florida 33256
                        Telephone (786) 268-6415
                        Facsimile (305) 373-2294
                        Primary e-mail: cody.german@csklegal.com
                        Secondary e-mail: andrew.simon@csklegal.com
                        Secondary e-mail: alec.shelowitz@csklegal.com

                 By:  s/ John Cody German
                        JOHN CODY GERMAN
                        Florida Bar No.: 58654
                        ANDREW G. SIMON
                        Florida Bar No.: 1002623
                        ALEC R. SHELOWITZ
                        Florida Bar No.: 1010127

1620.0109-00/17939255

- 8 -

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX