UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 1:18-cv-25429-GOODMAN
[CONSENT CASE]

MAITE MARTINEZ,

    Plaintiff,

v.

CHERRY BEKAERT, LLP,
a foreign for-profit corporation,

    Defendant.

_____/

**ORDER ON MOTIONS CONCERNING**
**EMOTIONAL AND PUNITIVE DAMAGES**

In Counts V and VI of the Amended Complaint, Plaintiff asserts federal and state retaliation claims, seeking punitive and emotional distress damages pursuant to 42 U.S.C. § 1981a(a)(1) ("Title VII") and the Florida Civil Rights Act of 1992 ("FCRA"). [ECF No. 11, pp. 19-23]. Defendant argues that Plaintiff's claims for punitive and emotional distress damages are improper, and it has filed a motion to strike them. [ECF No. 142]. Plaintiff filed a response [ECF No. 149]; Defendant filed a reply [ECF No. 152]; and Plaintiff filed a sur-reply [ECF No. 155].

**I.      Standard of Review**

Under Federal Rule of Civil Procedure 12(f), the Court may "strike from a pleading

an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or by motion of either party. Fed. R. Civ. P. 12(f). A motion to strike serves "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Hodge v. Orlando Utils. Comm'n*, 6:09-cv-1059-ORL-19DAB, 2009 WL 4042930, at *4 (M.D. Fla. Nov. 23, 2009) (citing *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)).

While motions to strike are generally disfavored and should not be used to determine disputed questions of fact or disputed and substantial questions of law -- particularly when there is no showing of prejudice to the movant, "a prayer for relief not available under the applicable law is properly subject to a motion to strike." *Id*. (citing 2 Moore's Federal Practice ¶ 12.37[3] (3d ed. 2009)); *see also Geisinger v. Armstrong World Indus., Inc.*, No. 90-872-CIV-SPELLMAN, 1990 WL 120749, at *2 (S.D. Fla. Aug. 10, 1990) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962)).

II.  **Punitive Damages**

Congress has specifically authorized punitive damages in cases of intentional employment discrimination under Title VII. *See* 42 U.S.C. § 1981(b)(1); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999) ("With the passage of the 1991 [Civil Rights] Act, Congress provided for additional remedies, including punitive damages, for certain classes of Title VII and ADA violations."). Defendant asserts that Plaintiff's claim for punitive damages under Title VII should be stricken because Plaintiff does not have

2

sufficient evidence to convince a jury that she suffered an adverse employment action or that Defendant acted with "malice or with reckless indifference" to Plaintiff's fundamentally protected rights. [ECF No. 152, pp. 2-5].

Defendant's first contention (i.e., lack of evidence to prove an adverse employment action) was previously addressed by the Court. Indeed, as Defendant acknowledges, the Court entered a summary judgment order which provides that Plaintiff "will have a daunting challenge at trial to convince a jury that she suffered an adverse employment action." [ECF Nos. 130, p. 54; 152, p. 2]. In other words, although the record evidence was slim, the question of whether Plaintiff suffered an adverse employment action was an issue to be resolved by the jury, and not by summary judgment. For the same reason, I reject the notion that a shortage of record evidence of an adverse employment action justifies striking Plaintiff's claim for punitive damages on that ground.

Defendant next argues that Plaintiff's claim for punitive damages should be stricken because Plaintiff cannot prove that Defendant acted with malice or reckless indifference. [ECF No. 152, pp. 4-5]. Defendant is correct that Title VII allows for punitive damages only where the employer "engaged in a discriminatory practice . . . with malice or with reckless indifference to the federally protected rights of an aggrieved individual." *Servillo v. Sola Medi Spa, LLC*, No. 220CV00130JLBNPM, 2021 WL 406177, at *5 (M.D. Fla. Feb. 5, 2021).

Critically, however, the issue regarding **whether** an employer acted with malice

3

or reckless disregard is for the jury to decide. *See Austrum v. Fed. Cleaning Contractors, Inc.*, 190 F. Supp. 3d 1132 (S.D. Fla. 2016). Therefore, I deny Defendant's motion to strike the punitive damages claim on this ground, as well.

Defendant's argument for striking Plaintiff's punitive damages claim pursuant to the FCRA is even less compelling. The FCRA -- unlike Title VII -- does not require a showing of malice for punitive damages. *See Servillo*, 2021 WL 406177, at *3.

*Santos v. Acara Sols., Inc.*, No. 6:21-CV-68-JA-DCI, 2021 WL 1382330, at *2 (M.D. Fla. Apr. 13, 2021) is instructive regarding the standard to apply in FCRA cases:

> The FCRA allows for the recovery of up to $100,000 in punitive damages. Fla. Stat. § 760.11(5). It is not clear whether willful and wanton conduct on the part of the employer is necessary or if negligence is sufficient for an award of punitive damages. *See Speedway Super Am., LLC v. Dupont*, 933 So. 2d 75, 89–90 (Fla. 5th DCA 2006) (noting lack of clarity as to the standard). But because Santos alleges her employers' conduct was "intentional" and with "actual knowledge of the wrongfulness of the conduct," the Court cannot conclude that it would be legally impossible for Santos to recover punitive damages, even if the higher standard applies.

Florida has a long-standing policy favoring jury trials and determinations on the merits. This policy is expressly incorporated in section 760.11(5), which provides that in civil actions brought under this chapter, "[t]he right to trial by jury is preserved in any such private right of action in which the aggrieved party is seeking compensatory or punitive damages and any party may demand a trial by jury."

Accordingly, the Court **denies** Defendant's motion to strike Plaintiffs' claims for punitive damages under Title VII and the FCRA.

### III. Emotional Distress Damages

Mirroring its argument regarding Plaintiff's claims for punitive damages, Defendant posits that because Plaintiff has not substantiated her entitlement to emotional distress damages with testimony, medical opinions, invoices, or any other documents, the demands for recovery based on emotional distress should be stricken. [ECF No. 142, p. 8].

Defendant says it finds authority for its argument in *Davis v. Florida Agency for Health Care Admin.*, 612 F. App'x 983, 987 (11th Cir. 2015). In *Davis*, a case involving a claim for retaliation under Title VII, the Eleventh Circuit *affirmed* a denial of a new trial or remittitur based on the defendant's claim that the jury's award of compensatory damages for the plaintiff's mental and emotional anguish was not supported by the evidence. *Id.*

The *Davis* court concluded:

> General compensatory damages do not have to be proven with a high degree of specificity, and they may be inferred from the circumstances or proven through testimony. *Akouri v. Fla. Dep't of Transp.*, 408 F.3d 1338, 1345 (11th Cir. 2005). A plaintiff's own testimony may support an award of compensatory damages for emotional distress, but the testimony must consist of more than conclusory statements that the plaintiff suffered from emotional distress.

*Id.*

In *Davis*, the plaintiff testified at trial that she suffered from weight fluctuations and stopped going to events with friends due to stress caused by the defendant's actions.

5

She stated that she was embarrassed when the defendant wore a mask after she left the defendant's office due to the defendant's claim that she wore a noxious perfume, and this lowered her self-esteem. She added that she lost friends at work and that co-workers were afraid to talk to her. The Eleventh Circuit found that "[s]ince [the plaintiff] presented detailed evidence of her emotional harm, and since the jury's award is presumptively valid, the district court did not clearly abuse its discretion by denying [the defendant's] motion concerning the jury's award of compensatory damages." *Id.*

In the instant case, Defendant's observation that Plaintiff "failed to address any basis for the recovery of emotional support damages during her deposition" does not negate the validity of Plaintiff's damages because the factual allegations of the Amended Complaint, at the very least, lead to the inference that Plaintiff suffered emotional distress. For instance, Plaintiff alleged that she suffered "two stress-related seizures" and "feared for her safety." [ECF No. 11, pp. 2, 8].

More importantly, because the case law authority upon which Defendant relies to establish that Plaintiff's claim for emotional distress damages should be stricken were decided following trials, those cases are distinguishable. *Davis*, 612 F. App'x at 987 ("At trial, Davis presented sufficient evidence of mental and emotional anguish to support the jury's award of compensatory damages."); *City of Hollywood v. Hogan*, 986 So. 2d 634, 649 (Fla. 4th DCA 2008) (finding that the evidence presented at trial was insufficient to support the award of emotional distress damages). The Court denies Defendant's motion

to strike because Plaintiff should be extended the opportunity to present her testimony at trial.

Certainly, there is no viable assertion that Defendant will be prejudiced by this Court allowing Plaintiff's claims for emotional distress damages to be decided at trial.

It cannot be rationally said that Plaintiff's claims for emotional distress damages have no possible relationship to the controversy, are likely to confuse the jury, or otherwise prejudice Defendant, so a motion to strike is not a proper vehicle for challenging Plaintiff's claims for those damages. *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citing *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)); *Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, 04-60861-CIVMARTINEZ, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005).

Plaintiff is entitled to prove any set of facts that would support her claims for emotional distress damages. Defendant has offered no legal basis or any supporting authority for striking the damages claims. Therefore, Defendant's claims for emotional distress damages should not be stricken.

Moreover, Defendant's request to cap the recoverable amount of emotional distress damages should be denied. Defendant relies upon *Reiter v. Metro. Transp. Auth. of New York*, No. 01 CIV. 2762, 2003 WL 22271223, at *8 (S.D.N.Y. Sept. 30, 2003) to argue that the appropriate range for Plaintiff's recoverable non-economic damages should be capped at the range of $5,000 to $30,000. [ECF No. 152, p. 8 ("Should this Court find the

Plaintiff possesses meritorious non-economic damage claims against the Defendant, then such damages should fall within the [$5,000 to $30,000] range.")].

Defendant does not cite any case law from the Eleventh Circuit to support its request for a cap on recoverable emotional distress damages. To the contrary, the Eleventh Circuit has held that it will *not* disturb a damages award for emotional distress *unless* "the verdict is so excessive as to shock the conscience of the court." *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1349 (11th Cir. 2000) (quoting *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 476 (11th Cir. 1999)) (internal quotation omitted). Furthermore, the Eleventh Circuit has held that "[t]he standard of review for awards of compensatory damages for intangible, emotional harms is deferential to the fact finder because the harm is subjective and evaluating it depends considerably on the demeanor of the witnesses." *Id.* (alterations in original).

Finally, Defendant alternatively requests an opportunity to "re-depose Plaintiff" regarding the extent of her emotional distress damages. [ECF No. 152, p. 8]. According to Defendant, at Plaintiff's deposition, she was "allowed the [ ] opportunity to breakdown [sic] each damage component that she is alleging in this case, but Plaintiff failed to describe any damages incurred." *Id.* at pp. 8-9. Thus, Defendant argues that it should be permitted to depose Plaintiff again because "Plaintiff failed, either deliberately or unintentionally," to provide deposition testimony that described the "extent of her emotional distress damages." *Id.* at p. 8.

8

Defendant relies upon *Rosenberg v. DVI Receivables, XIV, LLC*, No. 12-CV-22275, 2012 WL 5198341 (S.D. Fla. Oct. 19, 2012) as support for its request to question Plaintiff again at another deposition. *Id.* In *Rosenberg*, the issue was whether the plaintiff should be permitted to pursue emotional damages that he allegedly suffered due to the defendants' filing of an involuntary petition for bankruptcy. The Court found that the plaintiff failed to adequately disclose his intent to seek emotional damages, particularly because the cause of action was "not one for which an assumption is readily made that [the plaintiff] is claiming emotional damages." *Rosenberg*, 2012 WL 5198341, at *4. Under those factually specific circumstances, the Court held that the plaintiff's general statements that the involuntary petition caused him "substantial personal embarrassment," "grave harm . . . personally," and that his "personal life has been irreparably devastated, ruined, and destroyed" were inadequate and justified a second deposition of the plaintiff on the limited issue of emotional damages. *Id.*

*Rosenberg* is not directly applicable to the instant case. Here, Plaintiff plainly disclosed her intent to seek damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses" in the Amended Complaint. [ECF No. 11, pp. 19, 21]. Thus, Defendant was on notice of Plaintiff's intent to seek these damages very early in the case.

Additionally, it is apparent from the transcript of Plaintiff's deposition that defense counsel made the strategic decision to only ask Plaintiff broad, open-ended

questions regarding her alleged damages. Then, armed with the argument that Plaintiff did not specify that she was seeking emotional distress damages, Defendant sought to strike her claim for emotional distress damages or, in the alternative, ask the Court for a second opportunity to take her deposition. In effect, Defendant is seeking to take a second deposition of Plaintiff because defense counsel's approach the first time around did not result in Defendant's desired outcome (i.e., Plaintiff's emotional distress damages claim being stricken).

Accordingly, I **deny** Defendant's request to question Plaintiff again at another deposition. If Defendant would like to question Plaintiff about her alleged emotional distress damages, then the appropriate time for doing so will be during cross-examination at trial.

## IV.     Plaintiff's Motion for Sanctions

In her response to Defendant's motion to strike, Plaintiff moves for sanctions against Defendant and its counsel pursuant to 28 U.S.C. § 1927 because the motion to strike "was untimely, baseless, unreasonable and frivolous and Defendant and its counsel knew or should have known that they were making entirely frivolous arguments that only multiplied these proceedings." [ECF No. 149, p. 8].

Defendant responds that Plaintiff's request for sanctions is unwarranted. [ECF No. 152, p. 9]. Specifically, Defendant contends that it filed a single motion after the summary judgment order and within the pre-trial deadlines for filing dispositive motions.

Defendant asserts that its motion to strike "cannot be characterized as 'bad faith' where the law and the facts support Defendant's arguments." *Id.* Defendant further asserts that "seeking to eliminate an avenue of recoverable damages cannot constitute an obstruction of this litigation." *Id.* Finally, Defendant contends that "Plaintiff does not cite a single case demonstrating the Defendant's Motion was untimely." *Id.*

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

"The plain statutory language of section 1927 makes clear that this section is not a 'catch-all' provision for sanctioning objectionable conduct by counsel." *Benavides v. Miami Atlanta Airfreight, Inc.*, Case No. 07-22560-CIV, 2008 WL 2561909, at *4 (S.D. Fla. June 24, 2008) (citation omitted). The statute requires "(1) unreasonable and vexatious conduct; (2) such that the proceedings are multiplied; and (3) a dollar amount of sanctions that bears a financial nexus to the excess proceedings . . . . All three requirements must be met before sanctions are imposed." *Macort v. Prem, Inc.*, 208 F. App'x 781, 785-86 (11th Cir. 2006) (per curiam) (unpublished) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)); *see also Young Apartments, Inc. v. Town of Jupiter, Fla.*, 503 F. App'x 711, 729 (11th Cir. 2013) (per curiam) (unpublished) (citation omitted).

11

An attorney's conduct meets the first of these conditions "only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007) (quoting *Amlong & Amlong, P.A. v. Denny's Inc.*, 457, F.3d 1180, 1190 (11th Cir. 2006)). For an attorney's conduct to be classified as egregious, the attorney must knowingly or recklessly pursue a frivolous claim. *Hudson*, 499 F.3d at 1262. Negligent conduct alone will not support a finding of bad faith under § 1927, and for sanctions to be appropriate something more than a lack of merit is required. *Id*.

In articulating how to evaluate bad faith under § 1927, the Eleventh Circuit has stated:

> While an attorney's conduct must be tantamount to bad faith, 'for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct.' What is crucial is whether, regardless of the attorney's subjective intentions, the conduct was unreasonable and vexatious when measured against an objective standard. That is not to say the attorney's purpose or intent is irrelevant. Although the attorney's objective conduct is the focus of the analysis, the attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be 'unreasonabl[e] and vexatious[ ]' if it is done with a malicious purpose or intent.

*Id.* at 1262. (internal citations omitted) (alterations in original).

The Undersigned is far from convinced that Plaintiff's argument that sanctions are appropriate under 28 U.S.C. § 1927 should be accepted. Plaintiff contends that Defendant's counsel engaged in unreasonable and vexatious conduct that multiplied the

proceedings. However, when measured by an objective standard, the record clearly fails to support a finding that the attorney's conduct here was so egregious that it was tantamount to bad faith. There is no evidence that Defendant knowingly and recklessly pursued frivolous arguments that multiplied the proceedings.

Plaintiff provides no factual support to the contrary. Defendant's motion to strike cannot be characterized as being vexatious or oppressive. Therefore, there is nothing more to Plaintiff's argument other than a lack of merit to Defendant's motion to strike. Sanctions under § 1927 are not appropriate under those circumstances. Instead, "an attorney's conduct must be particularly egregious to warrant the imposition of sanctions — the attorney must *knowingly or recklessly* pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim." *Id.* at 1242 (emphasis in original).

## V. Conclusion

The Court **denies** both Defendant's motion to strike Plaintiff's claims for punitive and emotional distress damages [ECF No. 142] and Plaintiff's request for attorneys' fees as a sanction [ECF No. 149].

**DONE AND ORDERED** in Chambers, in Miami, Florida, on September 28, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
All Counsel of Record